KENNETH EUGENE STRODER III,

Plaintiff,

v.

CAUSE NO.: 3:19-CV-152-RLM-MGG

BRIAN LONG, et al.,

Defendants.

## OPINION AND ORDER

Kenneth Eugene Stroder III, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Nevertheless, this court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Stroder alleges that Sergeant Long of the Mishawaka Police Department went to a Target store in response to a report of theft. Sergeant Long chased Mr. Stroder in the parking lot, and, when he caught Mr. Stroder, he slammed his head into the concrete surface. An unknown person helped Sergeant Long subdue Mr. Stroder as he was handcuffed. As a result of Sergeant

Long's use of force, Mr. Stroder has lost vision in his right eye and has underwent surgery. For his injuries, he seeks money damages.

Mr. Stroder asserts a claim of excessive force against Sergeant Long. "A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." Abbott v. Sangamon Cty., Ill., 705 F.3d 706, 724 (7th Cir. 2013). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or motivation." Graham v. Connor, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," Bell v. Wolfish, 441 U.S. 520, 559 (1979), the question is whether the totality of the circumstances justifies the officers' actions. Graham, 490 U.S. at 396. The complaint states a plausible Fourth Amendment claim of excessive force against Sergeant Long.

Mr. Stroder also names the Mishawaka Police Department as a defendant. Because the Mishawaka Police Department has no separate legal existence from the City of Mishawaka, the police department isn't a suable entity. See Fain v. Wayne Cty. Auditor's Office, 388 F.3d 257, 261 (7th Cir. 2004); Argandona v. Lake Cty. Sheriff's Dep't, 2007 WL 518799, at *3 (N.D. Ind. 2007); Mishawaka Ordinance § 2-361, available at https://library.municode.com/in/mishawaka/codes/code_of_ordinances. Mr. Stroder also names the Target Loss Prevention Office as a defendant, but Target

isn't a state actor, and, even if it was, it is unclear how Target violated his constitutional rights by reporting his suspected theft to the police. As a result, Mr. Stroder can't proceed against these defendants.

For these reasons, the court:

(1) GRANTS Kenneth Eugene Stroder III leave to proceed against Brian Long on a Fourth Amendment claim for money damages for using excessive force during the arrest on December 21, 2018;

(2) DISMISSES the Mishawaka Police Department and the Target Loss Prevention Office;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Brian Long at the Mishawaka Police Department with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Brian Long to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Kenneth Eugene Stroder III has been granted leave to proceed in this screening order.

SO ORDERED on March 19, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT